**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**FREDERICK SHECKLES**                                                      **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 5:26-CV-00033-JHM**

**MEDICAL - CORRECT CARE SOLUTION,** *et al.*                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Frederick Sheckles filed the instant *pro se* 42 U.S.C. § 1983 prisoner action proceeding *in forma pauperis*. This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action without prejudice and with leave to file an amended complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is a convicted inmate housed at the Luther Luckett Correctional Complex. He names as Defendants "Medical – Correct Care Solution" (CCS), the Kentucky Department of Corrections (KDOC), and Nurse Jane Doe in her individual and official capacities.

The complaint alleges in its entirety:

Mr. Sheckles has severe memory loss and brain damage after suffering almost fifty (50) seizures after Nurse Jane Doe gave Mr. Sheckles a flu shot 12-9-2017. Mr. Sheckles also suffers speech impediment. At the time and until the last couple months Mr. Sheckles had no idea what caused all of his current medical issues and psychiatric issues. Prior to said flu shot he did not have seizures or a mental health diagnosis, which today he is heavily medicated for both. Each Defendant named was negligent and acted with deliberate indifference.

Mr. Sheckles Eighth Amendment [right] was violated. He was treated in a cruel and unusual fashion. Left to lay in a segregation cell having one seizure after another prior to prison officials ever taking/transporting him to an outside hospital. His brain damage and speech impediment are extensive. He now feels close to borderline retardation.

As relief, Plaintiff seeks monetary and punitive damages.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*,

2

446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Claim against KDOC, CCS, and Official-Capacity Claim

Plaintiff's Eighth Amendment claim cannot proceed against the KDOC. First, the KDOC, as a state agency, is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, the KDOC is an arm of the state, thus a § 1983 suit against the KDOC is the same as suing the Commonwealth, or state, of Kentucky. It is well-settled that "Eleventh Amendment immunity bars all suits, whether for injunctive, declaratory or monetary relief against the state and its departments . . . ." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012); *Daleure v. Commonwealth of Ky.*, 119 F. Supp.2d 683, 687 (W.D. Ky. 2000) (Eleventh Amendment protects Kentucky Department of Corrections from suit). Plaintiff's claim against KDOC must therefore be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

Plaintiff's claim against Defendant Nurse Jane Doe in her official capacity "'generally represents another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Nurse Jane Doe is construed as brought against her employer, CCS. *See Graham*, 473 U.S. at 166.

The same analysis that applies to a § 1983 claim against a municipality applies to a claim against a private corporation, such as CCS, which is presumably the entity contracted with Luther

Luckett to provide medical services to inmates. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The liability of a contracted private entity must be based on a policy or custom of the entity. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

Thus, to state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff's complaint does not assert that any of the alleged conduct was due to or motivated by a CCS policy or custom. Accordingly, the Eighth Amendment claim against CCS and the official-capacity claim against Nurse Jane Doe must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim

Plaintiff alleges that Nurse Jane Doe's administration of a flu shot in 2017 caused him to suffer memory loss, brain damage, seizures, and a speech impediment.

An Eighth Amendment claim of deliberate indifference to a prisoner's medical needs has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). The subjective component requires a defendant's "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 837-47 (1994)).

"Deliberate indifference is a high standard; consequently, medical malpractice, negligent diagnosis or treatment, and mere disagreement with medical treatment are inadequate to state a § 1983 claim." *Theriot v. MacLaren*, No. 21-2596, 2022 WL 2161391, at *2 (6th Cir. Mar. 16, 2022) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017)). Federal courts are "generally reluctant to second guess medical judgments." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff fails to state a claim against Defendant Nurse Jane Doe stemming from the administration of the flu shot. Objectively, he does not allege the existence of a serious medical need, that the flu vaccine exposed him to an unreasonable health risk or an underlying condition or allergy that would preclude him from receiving the inoculation. Subjectively, Plaintiff fails to allege facts suggesting that Nurse Jane Doe acted with deliberate indifference. *See Fields v. Newsom*, No. 22CV0044-LL-MDD, 2022 WL 658978, at *4 (S.D. Cal. Mar. 4, 2022) (dismissing Eighth Amendment claim on initial review where the plaintiff's complaint was "devoid of any

5

facts sufficient to plausibly suggest any of the named Defendants were personally aware of his underlying medical vulnerabilities, or that he was at risk for any health complications if he received the vaccine," and finding it was "not even clear that Plaintiff was required to receive the vaccine or whether it was his decision to have the vaccine administered to him"). In this regard, Plaintiff's allegations of negligence and deliberate indifference by Nurse Jane Doe are conclusory and thus cannot state an actionable claim. *See Darrah*, 865 F.3d at 372 (conclusory statements are insufficient to support a claim for deliberate indifference to a prisoner's serious medical needs) (citations omitted). This claim will be dismissed for failure to state a claim upon which relief may be granted.

However, to the extent Plaintiff seeks to assert an Eighth Amendment claim of deliberate indifference based on his allegations that he was left in a segregation cell while having ongoing, repeated seizures, he may amend his complaint to provide additional factual allegations and to identify the Defendants involved.

### C. Amendment

Accordingly, the Court will dismiss this action without prejudice and with leave to amend the complaint for Plaintiff to provide this Court with additional details and dates relating to this Eighth Amendment deliberate indifference to medical needs claim. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend). Should Plaintiff wish to amend his complaint, he must submit a completed § 1983 complaint form identifying the specific prison officials or medical personnel whom he alleges violated his Eighth Amendment rights, naming them as Defendants in their individual capacities, and stating specifically how each allegedly violated his constitutional rights, what actions they took, and when the actions occurred.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action without prejudice and with leave to file an amended complaint.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, should Plaintiff choose to amend the complaint. **Any amended complaint must be filed on or before <u>September 14, 2026</u>**.

Date:    August 13, 2026

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:      Plaintiff, *pro se*
4414.015

7