**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**FREDERICK SHECKLES** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:26-CV-00033-JHM**

**MEDICAL - CORRECT CARE SOLUTION, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Frederick Sheckles filed the instant *pro se* 42 U.S.C. § 1983 prisoner action proceeding *in forma pauperis*. By prior Memorandum Opinion and Order, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed the action without prejudice and with leave to amend the complaint. (DNs 13, 14). Plaintiff has filed an amended complaint. (DN 15). The Court will reopen the action and undertake initial review of the amended complaint pursuant to § 1915A.

## I. BACKGROUND

Plaintiff's initial complaint alleged that Defendants Correct Care Solutions, Kentucky Department of Corrections, and Nurse Jane Doe violated his Eighth Amendment constitutional rights when he suffered from seizures, memory loss, and brain damage following the administration of a flu vaccine in 2017. Plaintiff further alleged that on an unspecified date, he remained in a segregation cell while having multiple seizures without being transported to an outside hospital. (DN 1).

The Court dismissed Plaintiff's claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). However, leave to amend the complaint was granted to afford Plaintiff an opportunity to provide additional facts concerning his allegation that he was left in segregation cell while having ongoing, repeated seizures without medical intervention.

Plaintiff has filed an amended complaint. (DN 15). The Court construes the amended complaint **(DN 15)** as requesting to reopen this case, which the Court **GRANTS**. The Court **DIRECTS the CLERK OF COURT to restore this case to the Court's active docket**. The Court will review the amended complaint pursuant to § 1915A.

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff is a convicted inmate housed at the Luther Luckett Correctional Complex. He names as Defendants "Medical – Correct Care Solutions" and Correction Officers Jane Doe and John Doe.[1] Plaintiff alleges that on December 9, 2017, he was "left to lay in the segregation cell, having one seizure after the other. Nurse Jane Doe and unnamed Correction Officers allowed this man to suffer . . . ." He further alleges that he "layed suffering in the hospital" as indicated by medical records attached to the complaint. The exhibits to the complaint reveal that Plaintiff was hospitalized at Baptist Health Paducah from December 9 to December 18, 2017, for altered mental status and seizure-like activity. Provider notes indicate that Plaintiff reported an allergic reaction to a flu shot two weeks prior.

Plaintiff states that Defendants "were aware of [his] vulnerabilities and the risk of administering said flu shot." He alleges that he has "many medical and mental health needs, he has trouble taking care of himself, this all at the hands of nurses and officers at Eddyville on 12-9-2017."[2] As relief, Plaintiff seeks monetary damages.

## III. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

---

[1] In his Statement of Claims, Plaintiff also references a Nurse Jane Doe.
[2] The Court presumes that "Eddyville" refers to the Kentucky State Penitentiary.

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**IV. ANALYSIS**

A court may *sua sponte* dismiss a complaint if it is clear from its face that the claims are time-barred. *See Alston v. Tenn. Dep't of Corr*., 28 F. App'x 475, 476 (6th Cir. 2022) (holding that *sua sponte* dismissal is appropriate when "the statute of limitations defect [is] obvious from the face of the complaint"). Because 42 U.S.C. § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*,

896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

The Sixth Circuit recognizes two formulations of the accrual rule: the standard, or "occurrence" rule, which triggers the limitations period on the first day that every element of a claim has occurred such that the plaintiff may sue in court over the claim; and the "discovery" rule, which postpones the limitations period to the date that the plaintiff discovered, or reasonably should have discovered, basic facts about the claim. *Reguli v. Russ*, 109 F.4th 874, 879-80 (6th Cir. 2024).

As the Sixth Circuit has recently explained,

> Under the so-called "occurrence" rule, the Supreme Court has held that a statute of limitations "presumptively" starts on the first day that "a complete and present cause of action" exists. *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (quoting *Wallace*, 549 U.S. at 388); *see Reguli*, 109 F.4th at 879. In other words, this rule triggers the limitations period when a claim's elements have all arisen, *see Reguli*, 109 F.4th at 879, such that the plaintiff can sue in court on the claim, *see Wallace*, 549 U.S. at 388. Our cases, by contrast, have departed from this presumptive occurrence rule in § 1983 suits by regularly following a "discovery" rule instead. *See Reguli*, 109 F.4th at 879–80. This rule starts the limitations period on the date that the plaintiff learned of (or should have learned of) certain "facts about the claim." *Id.*

*Abbey v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 182 F.4th 496, 500 (6th Cir. 2026). In *Abbey*, the Sixth Circuit declined to adopt a definitive accrual rule because the plaintiff's Fourth Amendment claims were untimely under either standard. 182 F.4th at 500–01 ("Because the complaint alleges facts showing that Abbey did not timely file her three claims under either accrual rule, we need not choose between them to resolve this case.") (internal quotation marks and citation omitted); *see also, e.g.*, *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 602

(6th Cir. 2025) ("[W]e can assume that the more plaintiff-friendly discovery rule applies here because the difference does not matter to the outcome.").

The limitations period in this case is one year. Ky. Rev. Stat. § 413.140(1)(a). Applying the more favorable "discovery" rule of accrual, Plaintiff had one year from the time he knew or had reason to know of the injury which formed the basis of his action. Plaintiff initiated this lawsuit on February 2, 2026.[3] It is clear from the amended complaint, however, that Plaintiff knew of his injuries in December 2017, when they occurred. The one-year statute of limitations for Plaintiff's claim expired in December of 2018, approximately seven years before this action was commenced. Because it is time-barred, the Court dismisses Plaintiff's Eighth Amendment claim for failure to state a claim upon which relief may be granted. *See, e.g.*, *Cataldo v. U.S. Steel Corp*., 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

## V. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: October 7, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015

[3] Under the prisoner mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that the mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing").